IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

CSG HOLDINGS, LLC,
LEE GIOVANNETTI and JOSEPH MEALS,

      Plaintiffs,

v.                                  Case No.

XL SPECIALTY INSURANCE
COMPANY,

      Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiffs CSG Holdings, LLC, Lee Giovannetti and Joseph Meals (collectively "Plaintiffs"), and for their request for a declaratory judgment state as follows:

### PARTIES

1. Plaintiff CSG Holdings, LLC is, and at all times material to this complaint, has been a Delaware limited liability company with its principal place of business in Memphis, Shelby County, Tennessee.

2. Plaintiffs Giovannetti and Meals are, and at all times material to this complaint, have been individual citizens of Shelby County, Tennessee.

3. XL Specialty Insurance Company ("Defendant") is a corporation authorized to do business as an insurance company in Tennessee, and organized and existing under the laws of the State of Connecticut, with its principal place of business located in Stamford, Connecticut.

4. Defendant is an insurer that is providing investment advisers errors and omissions liability insurance to CSG Holdings, LLC and its officers, members and employees (the "XL E&O

Policy"). The policy number for the XL E&O Policy is ELU117716-10 and the policy period for the XL E&O Policy is June 27, 2010 to June 27, 2012.

5. The XL E&O Policy is a primary liability insurance policy. A copy of the insurance binder for the XL E&O Policy is attached hereto as **Exhibit A**.

6. At all times relevant to this action, Giovannetti and Meals were officers, members and employees of CSG Holdings, Inc., and all Plaintiffs are "insureds" under the XL E&O Policy.

## JURISDICTION

7. Plaintiffs bring this declaratory judgment action pursuant to Title 28, United States Code, § 2201, for the purpose of determining questions of actual case and controversy regarding the rights and obligations as between Plaintiffs and Defendant with respect to Defendant's duty to insure Plaintiffs against any losses (including defense costs) arising from an underlying lawsuit involving claims by third-parties against Giovannetti and Meals, which are more particularly described below.

8. Jurisdiction over this action is based on Title 28, United States Code, § 1332(a), there being complete diversity of citizenship between the parties. The amount in controversy exceeds $75,000.00.

9. Defendant has been doing business in Tennessee, including Shelby County, Tennessee, and the XL E&O Policy was issued to Plaintiff CSG Holdings, LLC in Shelby County, Tennessee. By its conduct, Defendant has agreed to submit to the jurisdiction of this Court with respect to matters arising out of the XL E&O Policy.

## FACTS

10. CSG Holdings, LLC is an independent limited liability company that consults with

institutions and private clients with investment and financial needs.

11. Giovannetti is a member/employee and Chief Executive Officer of CSG Holdings, LLC.

12. Meals is a member/employee and Executive Vice President of CSG Holdings, LLC.

13. The underlying claims which are the subject of this action are pending in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, Case No. 567874, Section 25, in the case styled *Firefighters' Retirement System v. Regions Bank, Morgan Asset Management, Inc., Richard Burke and Morgan Keegan & Company, Inc*. (the "FRS Lawsuit").

14. This declaratory judgment action seeks declarations of insurance coverage with respect to Defendant's obligation to provide indemnity coverage, including defense costs, to Plaintiffs Giovannetti and Meals arising from claims made against Giovannetti and Meals in the FRS Lawsuit.  A copy of the claims against Giovannetti and Meals filed in the FRS Lawsuit is attached to this complaint as **Exhibit B** and incorporated herein by reference.

**BACKGROUND OF CLAIMS
AGAINST GIOVANNETTI AND MEALS**

15. On October 21, 2009, certain defendants in the FRS Lawsuit filed third-party claims against Consulting Services Group, LLC ("CSG"), a subsidiary of Plaintiff CSG Holdings, LLC, seeking common law indemnification and contribution from CSG.  The filing date of the original FRS Lawsuit occurred prior to the policy period for the XL E&O Policy.

16. The subject matter of this declaratory judgment action is not to determine coverage issues under the XL E&O Policy related to the third-party claims filed against CSG on October 21, 2009.  Rather, the subject matter of this declaratory judgment action is limited to determining coverage issues under the XL E&O Policy solely for CSG Holdings, LLC's members and officers Giovannetti and Meals.

17. On August 1, 2011, certain defendants in the FRS Lawsuit amended their Exceptions, Answer, Affirmative Defenses and Third-Party Demand and, for the first time, added Giovannetti and Meals to the FRS Lawsuit as additional third-party defendants.

18. In the original third-party action filed in October 2009 against CSG, the defendants in the FRS Lawsuit claimed they were entitled to tort law indemnification and/or contribution from CSG for any losses potentially suffered by FRS.

19. In the new third-party claims filed in August 2011 against Giovannetti and Meals, the defendants in the FRS Lawsuit continue to assert tort law indemnification and contribution claims against CSG.  However, certain defendants in the FRS Lawsuit have added Giovannetti as a third-party defendant under a 'control person' theory alleging that he "direct[ed] and control[ed] Joe Meals." *See* Second Amended Third-Party Complaint at ¶ 8. This is an entirely new and different claim than anything previously asserted in the third-party action in the FRS Lawsuit, and an entirely new and different theory of recovery against a new third-party defendant, *i.e.,* Giovannetti.

20. With respect to Meals, the Second Amended Third-Party Complaint adds a new and previously unasserted claim that Meals misrepresented facts and/or failed to disclose facts that conveyed to the defendants in the FRS Lawsuit that "CSG and Meals were FRS's fiduciary and sole investment advisor." *See* Second Amended Third Party Complaint at ¶ 19. This is a new claim against a new third-party defendant, *i.e.,* Meals.

21. With respect to both Giovannetti and Meals, these individuals are collectively identified and/or added with CSG in the Second Amended Third-Party Complaint as "CSG Defendants."  Throughout the Second Amended Third-Party Complaint, the defendants in the FRS Lawsuit make numerous new and previously unasserted claims of misrepresentations

4

and/or omissions against the "CSG Defendants" collectively, which for the first time include previously unasserted claims of misrepresentation and/or omissions against new third-party defendants Giovannetti and Meals. *See* Second Amended Third Party Complaint at ¶¶ 15 through 30.

22. The third-party claims being asserted by the defendants in the FRS Lawsuit against the "CSG Defendants," which includes Giovannetti and Meals, constitute insurable claims under the XL E&O Policy. *See* Second Amended Third Party Complaint at ¶ 29. Giovannetti and Meals are "Insured Persons" within the meaning of the XL Policy and are entitled to coverage under the XL Policy.

23. Plaintiffs Giovannetti and Meals gave timely notice to Defendant of the new claims filed against them in the August 1, 2011 Second Amended Third-Party Complaint and have complied with all conditions and obligations under the XL E&O Policy with respect to their rights to indemnity (including defense costs) for claims made against them individually in the FRS Lawsuit.

24. On or about September 8, 2011, Defendant advised Giovannetti and Meals in writing that it was denying insurance coverage of their claims, and has refused to pay Giovannetti's and Meals' defense costs as provided for under the terms of the XL E&O Policy.

25. Defendant's denial of insurance coverage for the third-party claims against Giovannetti and Meals is wrongful and is causing financial harm to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request this court to enter its judgment, declaring that:

A. With respect to the XL E&O Policy, the third-party claims against Giovannetti and Meals in the FRS Lawsuit are covered and insurable claims under the XL E&O Policy;

B.  Defendant is obligated to pay all sums necessary to fully indemnify Plaintiffs for any damages, costs, or expenses that Plaintiffs are required to pay with respect to the third-party claims against Giovannetti and Meals in the FRS Lawsuit, including defense costs;

C.  Plaintiffs be awarded their attorney's fees;

D. Plaintiffs be awarded their taxable legal costs; and

E.  Plaintiffs be granted such other and further relief as the court deems just and proper.

        Respectfully respected,

        _s/ Scott T. Beall_____
        Scott T. Beall  (TN BPR  013711)
        LAW OFFICE OF SCOTT T. BEALL
        6800 Poplar Ave.
        Atrium I, Suite 215
        Memphis, TN  38138

        Attorney for Plaintiffs